1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY GHOLAR, | Case No.  1:12-cv-01182-LJO-SAB (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| JAMES A. YATES AND T.S. ARLIZ | (THIRTY-DAY DEADLINE) |
| Defendants. | |

**I.**

## INTRODUCTION

Plaintiff John Ray Gholar ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action in state court and Defendants removed to this Court on July 19, 2012.  (ECF No. 1.)

For the reasons set forth below, Plaintiff's complaint is dismissed for failure to comply with the Federal Rules of Civil Procedure.  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.  In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to the claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

///

1

**II.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

///

///

**III.**

**COMPLAINT ALLEGATIONS**

Plaintiff is currently in custody at the Pleasant Valley State Prison ("PVSP") in Coalinga, California.   Plaintiff names Warden James A. Yates and Associate Warden T.S. Arliz as defendants in this action.

Plaintiff's complaint contains incidents that occur over a period of approximately ten years at multiple prisons.[1]  The Court will not summarize all of the allegations in the complaint since it entails a variety of apparently unrelated claims that would not present a cohesive basis for analysis.  Plaintiff alleges that during this time period he was denied law library access, which prevented him from filing appeals in his pending lawsuits.  Plaintiff was required to attend his job during the only hours the library was open, and was not allowed to change his work hours despite repeated requests.  Aside from initially naming Defendants Yates and Arliz, Plaintiff's complaint makes no mention of how they were personally involved in denying Plaintiff law library access.

**IV.**

**DISCUSSION**

A.     <u>Rule 18 and 20</u>

A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.  Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  However, unrelated claims that involve different defendants must be brought in separate lawsuits.  See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is not only intended

---

[1] On July 8, 2005, Plaintiff was transferred from an unknown location to Kern Valley State Prison.  Plaintiff was transferred to Pleasant Valley State Prison on an unknown date.

3

to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Plaintiff's complaint contains incidents that occur over a period of ten years, involving claims of violations of his constitutional rights. Plaintiff is advised that his claims do not arise out of the same "transaction, occurrence, or series of transactions." The incidents described do not involve common questions of fact or law. Many incidents occurred in different years and in different prisons. The facts necessary to prove these claims are unique. Plaintiff is not permitted to raise all his claims in a single action under Federal Rule of Civil Procedure 20(a)(2) simply because he alleges that all acts denied him access to the courts.

The Court advises Plaintiff that each claim that is raised in his amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant. Fed.R.Civ.P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed.R.Civ.P. 20(a)(2). Plaintiff is advised that a claim does not arise from a common transaction, occurrence, or series of transactions merely because both claims involve discrimination. Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

**B.    Rule 8**

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil

Procedure 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. of Civ. P. 10(b).

"[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Fed. R. of Civ. P. 10(b).  Although Plaintiff does state his claims in separate counts, each count contains multiple unrelated allegations.

The function of the complaint is not to list every single fact relating to Plaintiff's claims. Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort out his claims.  Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8.

**C.**   **Legal Standards**

**1.**   **Due Process—Access to Court**

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  Prison officials may not actively interfere with an inmate's right to litigate.  Silva, 658 F.3d at 1101-02.  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."  Nev. Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.  Moreover, Plaintiff does not have a right to litigate effectively once in court and therefore, his inability to access to the library to conduct research does not, alone, rise to the level of a constitutional violation.  Lewis, 518 U.S. at 354.

///

5

### 2.      Supervisory Liability

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.   Iqbal, 556 U.S. at 678, 129 S.Ct. at 1948-49; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).   Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct.   Iqbal, 556 U.S. at 678, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235.   Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."   Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182

### V.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint is dismissed for failure to comply with the Federal Rules of Civil Procedure.   Plaintiff is granted leave to file an amended complaint within thirty (30) days.   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.   Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."   Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."   Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed July 19, 2012, is dismissed for failure to follow the Federal Rules of Civil Procedure;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 15, 2013**

_____
UNITED STATES MAGISTRATE JUDGE