# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY GHOLAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES AND<br>T.S. ARLIZ<br><br>　　　　　Defendants. | Case No.  1:12-cv-01182-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING  DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUCNTION<br><br>(ECF Nos. 12 & 14.)<br><br>FOURTEEN-DAY DEADLINE |

　　　　Plaintiff John Ray Gholar ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action in state court and Defendants removed to this Court on July 19, 2012.  (ECF No. 1.)  On January 2, 2013 and January 18, 2013, Plaintiff filed motions for the Court to order Plaintiff access to legal material.  (ECF Nos. 12 & 14.)  The Court construes these requests as motions for preliminary injunctions.  In the previously issued order, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to follow the Federal Rules of Civil Procedure.  (ECF No. 20.)

　　　　"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 20

1  (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is
2  entitled to relief.  Id. at 22 (citation omitted).

3  Federal courts are courts of limited jurisdiction and in considering a request for
4  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it
5  have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102, 103 S.Ct.
6  1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
7  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual
8  case or controversy before it, it has no power to hear the matter in question.  Id.  "[The] triad of
9  injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy
10 requirement, and the party invoking federal jurisdiction bears the burden of establishing its
11 existence."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998).
12 Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison
13 Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,
14 extends no further than necessary to correct the violation of the Federal right, and is the least
15 intrusive means necessary to correct the violation of the Federal right."

16 In light of Plaintiff's complaint being dismissed with leave to amend, there is no actual
17 case or controversy before the Court at this time.  Therefore, the Court lacks the jurisdiction to
18 issue the orders sought by Plaintiff.  Summers v. Earth Island Inst., 555 U.S. 488, 493,129 S.Ct.
19 1142, 1149 (2009); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1119 (9th Cir. 2009).

20 Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motions for preliminary
21 injunctions be DENIED.

22 //
23 //
24 //
25 //
26 //
27 //
28 //

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 16, 2013**

UNITED STATES MAGISTRATE JUDGE