UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY GHOLAR,<br><br>          Plaintiff,<br><br>     v.<br><br>JAMES A. YATES, et al.,<br><br>          Defendants. | Case No.: 1:12-cv-01182-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 24] |

Plaintiff John Ray Gholar is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 19, 2012, a notice of removal from the Fresno County Superior Court was filed.

On May 16, 2013, the complaint was dismissed with leave to amend for failure to state a cognizable claim. Plaintiff filed an amended complaint on June 6, 2013.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled
2  to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare
3  recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."
4  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
5  (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the
6  deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d
7  1011, 1020-1021 (9th Cir. 2010).

8  Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
9  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
10 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
11 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
12 the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal,
13 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer
14 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
15 consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556
16 U.S. at 678; Moss, 572 F.3d at 969.

17 **II.**
18 **PLAINTIFF'S COMPLAINT**

19 Plaintiff contends that he was denied access to the court in violation of the First Amendment
20 because he was required to have a prison job which prevented him from gaining access to the law
21 library.

22 On May 5, 2005, Plaintiff received a certificate of appealability from the Eastern District of
23 California on an issue of actual innocence in case number 03-cv-05371-AWI-DLB (HC).  Plaintiff
24 was assigned to the Prison Industry Authority (P.I.A.) from November 3, 2003 through July 8, 2005
25 pursuant to CCR 3040(a) and was not allowed to meet the 30 day deadline.

26 On July 8, 2005, Plaintiff was transferred to Kern Valley State Prison and there was no legal
27 law information available to level four "B" facility yard.  Plaintiff filed several grievances and Warden
28

2

1  T.S. Arliz became involved who issued a memorandum to Plaintiff stating, if plaintiff is assigned to
2  work or education he cannot leave that assignment.
3      On June 5, 2006, Plaintiff was transported to Pleasant Valley State Prison. On July 22, 2006,
4  he was assigned to Building One Porter and was unable to leave his work assignment to gain access to
5  the law library. Plaintiff filed several grievances and Warden James A. Yates became personally
6  involved by issuing a memorandum denying Plaintiff access to legal materials.
7      Plaintiff claims he was forced to choose between two constitutional rights, to refuse to work,
8  and be harshly punish, or obey and have no meaningful access to court rules. Plaintiff contends that if
9  he refuses to work he is subject disciplinary detention. As a result, Plaintiff contends he was
10 prevented from filing a timely cognizable petition and filing a well-reasoned petition for adjudication
11 on actual innocence.

## III.

## DISCUSSION

### A.   Access to Courts

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at 349. An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Id. at 348. "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355

(emphasis in original).  Thus, the right of access to the courts does not require the State to enable prisoners to discover grievances and litigate effectively once in court.  Id. at 354.

Specifically, in a "backward-looking" access to the courts action,[1] a plaintiff must describe (1) a nonfrivolous underlying claim that was allegedly compromised "to show that the 'arguable' nature of the claim is more than hope"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a "remedy available under the access claim and presently unique to it" that could not be awarded by bringing a separate action on an existing claim.  Christopher v. Harbury, 536 U.S. at 416.

1.   District Court Case Number 1:03-cv-05371-AWI-DLB (HC)

Plaintiff references his petition for writ of habeas corpus filed in this Court on March 26, 2003, in case number 1:03-cv-05371-AWI-DLB (HC).  The petition for writ of habeas corpus was denied on the merits and judgment was entered on May 4, 2005.  (ECF Nos. 41 & 42.)  On May 18, 2005, Plaintiff filed a notice of appeal, and, on May 20, 2005, Plaintiff filed a motion for a certificate of appealability.  (ECF Nos. 43 & 44.)  On May 25, 2005, the Court granted in part and denied in part Plaintiff's motion for a certificate of appealability.  (ECF No. 45.)  The Court granted a certificate of appealability as to the claim that Plaintiff's sentence was unconstitutionally enhanced by a prior conviction for which there was newly discovered evidence indicating that Plaintiff may have been innocent.  (Id.)

2.   Court of Appeal Number

The certificate of appealability was processed to the Ninth Circuit Court of Appeals and assigned case number 05-16096.  In that case, during the months of July and August, 2005, Plaintiff filed several documents, including a motion to stay further action, motion for appointment of counsel, a request to broaden the certificate of appealability, motion to vacate, request as to how to file a second or successive petition under 28 U.S.C. § 2255, and request for access to prison law library.  (Docket Nos. 3-11.)  On August 24, 2005, Plaintiff filed a five page opening brief and included

---

[1] The Supreme Court distinguishes between "forward-looking" access to the courts claims, in which the plaintiff alleges that official action is frustrating plaintiff's ability to prepare and file a suit at the present time, and "backward-looking" claims, in which plaintiff alleges that due to official action, a specific case cannot now be tried, or be tried with all material evidence.  In a backward-looking claim, plaintiff must allege facts showing that the official action resulted in the "loss of an opportunity to sue" or the "loss or inadequate settlement of a meritorious case."  Christopher v. Harbury, 536 U.S. 403, 413-414 (2002).

excerpts of the record.  On this same date, Plaintiff also filed a motion for appointment of counsel.  (Docket Nos. 12, 13.)

On October 19, 2005, the Court denied Plaintiff's motion for appointment of counsel.  Plaintiff's motion for access to law library materials was granted in part, noting "[t]he prison must allow [appellant] either access to a law library or another means of assistance in the preparation of his appeal."  (Docket No. 16.)  The Court also denied Plaintiff's request to file a second or successive petition as premature.  (Id.)

On January 19, 2006, Plaintiff filed a request for access to the prison library.  (Docket No. 19.)  On July 12, 2006, Plaintiff filed a change of address.  (Docket No. 20.)  On July 24, 2006, the case was submitted to a screening panel, and on July 26, 2006, the judgment was affirmed in full.  (Docket Nos. 21, 22.)

On August 16, 2006, Plaintiff filed a motion to file an oversized petition for rehearing.  (Docket No. 24.)

On September 22, 2006, the Ninth Circuit construed Plaintiff's August 16, 2006, motion as a request to recall the judgment entered on July 26, 2006.  The Court found good cause to recall the mandate and granted Plaintiff thirty days to file a petition for rehearing.  (Docket No. 27.)

On October 25, 2006, Plaintiff filed a petition for rehearing, along with a request for an evidentiary hearing and appointment of counsel.  (Docket Nos. 28-30.)

On December 22, 2006, the Court denied the petition for rehearing.  (Docket No. 31.)

    3.    <u>Court of Appeal Number 11-17594</u>

On October 28, 2011, Plaintiff filed a second appeal in the Ninth Circuit to review the grant of the certificate of appealability issued in case number 1:03-cv-05371-AWI-DLB (HC), in case number 11-17594.  (Docket Nos. 1, 2.)  On November 14, 2011, the appeal was dismissed for lack of jurisdiction in that the notice of appeal was untimely filed.  (Docket No. 4.)

On November 21, 2011, Plaintiff filed another motion for a certificate of appealability, along with a motion for appointment of counsel.  (Docket Nos. 5, 6.)

On December 2, 2011 and December 22, 2011, Plaintiff filed objections to the dismissal.  (Docket Nos. 8, 10.)

On January 23, 2012, the Ninth Circuit recalled the mandate issued December 6, 2011, and construed Plaintiff's objection to dismissal as a motion for reconsideration of the Court's November 14, 2011, dismissal order.  (Docket No. 11.)  The Court denied Plaintiff's motion for reconsideration, and the mandate issued on February 14, 2012.  (Docket Nos. 11, 12.)

        4.        <u>Analysis of Plaintiff's Complaint</u>

Here, Plaintiff's allegations do not demonstrate that Defendants' acts or omissions hindered his efforts to pursue a nonfrivolous legal claim.  Based on the above history, Plaintiff repeatedly filed legal documents in the Ninth Circuit Court of Appeals in support of his claim that he is actually innocent of the prior conviction.

Plaintiff's argument is based on the premise that because this Court granted a certificate of appealability, he is entitled to relief on such claim.  However, Plaintiff overlooks the fact that the Ninth Circuit Court of Appeals considered Plaintiff's claim of actual innocence and summarily denied it on the merits-a ruling it reconsidered and again denied.  The Ninth Circuit considered and ruled on Plaintiff's motions regarding his limited access to the law library and legal materials, yet it found that Plaintiff was not entitled to relief on his claim.  It is evident that Plaintiff was able to litigate his claim in case number 05-16096, and then later in case number 11-17594, in which he argued the dismissal in 05-16096 was not justified.

Based on Plaintiff's litigation history, Plaintiff fails to identify and the Court cannot surmise "a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought."[2]  <u>Harbury</u>, 536 U.S. at 415.  Thus, there is "no point in spending time and money to establish the facts constituting denial of access, when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element."  <u>Id.</u>  As Plaintiff's petition for writ of habeas corpus clearly survived the pleading stage and Plaintiff actively pursued his claims, his access to the courts claim is not colorable and leave to amend should be DENIED.[3]

---

[2] As previously stated, a plaintiff must do so in a backward-looking access claim.  <u>Harbury</u>, 536 U.S. at 415.

[3] "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000).  Plaintiff was previously given leave to amend and has failed to cure the deficiencies.

## IV.

## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that the complaint be DISMISSED, without leave to amend, for failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 11, 2013**

UNITED STATES MAGISTRATE JUDGE